# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

DANIEL CAMPBELL,

                              Petitioner,

v.                                                      9:19-CV-1174 (GTS/ATB)

JAMIE LAMANNA, Superintendent,

                              Respondent.

DANIEL CAMPBELL, Petitioner pro se
PAUL B. LYONS, Asst. Attorney General for Respondent

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).[1]

## I. Background

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenges a 2013 judgment of conviction in Rensselaer County. Petitioner was convicted upon a guilty plea to third degree attempted criminal sale of a controlled substance. (Petition ("Pet.") at 1-2).[2] *See People v. Campbell*, 161 A.D.3d 1380 (3rd Dep't 2018). The New York State Supreme Court, Appellate Division, Third Department, affirmed the conviction and, on May 31, 2018, the New York State Court of Appeals denied leave to appeal. *Campbell*, 161 A.D.3d at 1381, *lv. denied*, 32

---

[1] This case was transferred from the Western District of New York. (Dkt. No. 1).

[2] Citations to the petitioner's submissions refer to the pagination generated by the Court's electronic filing system ("CM/ECF").

N.Y.3d 935 (2018). (Pet. at 2-3).

## II.   Grounds Asserted in Habeas Corpus Petition

Petitioner raises the following grounds for relief:

(1)   Petitioner's waiver of appeal was not valid. (Pet. at 6) and

(2)   Petitioner's appellate counsel was constitutionally ineffective. (Pet. at 7).

Respondent has filed a memorandum of law, together with the pertinent state court records. (Resp. Mem. & State Court Records ("SCR")) (Dkt. Nos. 13, 15). Respondent opposes the petition, arguing, inter alia, that petitioner's claims are moot. (Resp. Mem.) (Dkt. No. 13).

## III.   Procedural History/Relevant Facts

In August of 2012, petitioner was charged by indictment with Criminal Sale of a Controlled Substance, Third Degree. (SCR at 6). On December 14, 2012, he appeared with counsel in Rensselaer County Court before Judge Robert M. Jacon. Petitioner pled guilty to Attempted Criminal Sale of a Controlled Substance, Third Degree in exchange for a promised sentence of a determinate four-year term of incarceration, followed by two years of supervised release. (SCR at 78-104). On March 22, 2013, petitioner appeared in Rensselaer County Court before Judge Debra J. Young, who found that petitioner was a second felony offender and imposed the agreed upon sentence. (SCR at 24-26, 105-13). At his sentencing, petitioner executed a waiver of appeal. (SCR at 27, 108).

Petitioner was represented by counsel on appeal. In his appeal, petitioner argued that his waiver of appeal was invalid because it was not mentioned at the plea colloquy and that his sentence was harsh and excessive and should be reduced in the interests of

2

justice. (SCR at 114-229). In response to petitioner's argument, the prosecutor conceded that the waiver of appeal was invalid, but argued that the sentence should not be reduced. (SCR at 230-38).

On May 17, 2018, the Appellate Division agreed that the waiver of appeal was invalid, but affirmed the conviction on the merits, finding that the sentence was not excessive and declining to reduce it in the interests of justice. *People v. Campbell*, 161 A.D.3d at 1380-81. On August 17, 2018, the New York Court of Appeals denied petitioner's pro se application for leave to appeal. *People v. Campbell*, 32 N.Y.3d 935 (2018), *leave to appeal denied sub nom. People v. Solider*, 32 N.Y.3d 941 (2018) (SCR at 249).

## IV. Mootness

### A. Legal Standards

A case is moot, and the court has no jurisdiction when the "parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Federal courts are without power to decide questions that cannot affect the rights of the parties in the case before the court. *Bragger v. Trinity Capitol Enter. Corp.*, 30 F.3d 14, 16 (2d Cir. 1994). The plaintiff or petitioner must have a "personal stake" in the litigation. *Fox v. Board of Trustees of the State University of New York*, 42 F.3d 135, 140 (2d Cir. 1994). A party must, at all stages of the litigation, have an "actual injury" that may be redressed by a favorable court decision. *United States v. Williams*, 475 F.3d 468, 478–79 (2d Cir. 2007). The court has an obligation to consider whether the action is moot. *In re Kurtzman*, 194 F.3d 54, 58 (2d Cir. 1999).

An exception to mootness occurs when the alleged violation is "capable of

3

repetition, yet evading review." *Id.  See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam)).  This exception only applies if the challenged action was too short in duration to be fully litigated prior to cessation of the action, and there is a reasonable expectation that the same individual would be subjected to the same action again.  *Id.*

### B.    Application

The petitioner's first ground for relief is a duplicate of his first argument on direct appeal.  The Appellate Division granted petitioner's requested relief by invalidating the waiver of appeal and considering his sentencing claim on the merits.  There is nothing left for this court to do.  Plaintiff's claim is no longer "live."  Petitioner has been granted the relief that he seeks, and there is no way that petitioner would be subjected to the same action again.

Ground two of the petition claims that petitioner's appellate attorney was ineffective for failing to argue that his trial counsel was ineffective because he "aloud [sic] the court to deny me the right to appeal within the plea agreement."  Although this is not an argument that petitioner brought in any state court,[3] the only relief that would

---

[3] As such, in addition to being moot, this claim is unexhausted because petitioner would have to have brought his ineffective assistance of appellate counsel claim as an application for coram nobis relief in the Appellate Division. *Turner v. Miller*, 124 F. App'x 682, 683-84 (2d Cir. 2005); *Dumas v. Kelly*, 105 F. Supp. 2d 66, 67, 74 (E.D.N.Y.2000); *People v. Bachert*, 69 N.Y.2d 593, 598 (1987).  Petitioner has not filed any such motion. (Respondent's Answer ¶ 4).  Although exhaustion of state court remedies is required prior to filing a federal habeas petition, the court is authorized to deny an unexhausted claim on the merits pursuant to 28 U.S.C. § 2254(b)(2), if the claim is found to be "plainly meritless."  Even assuming that a court could find that petitioner's second ground for relief is not moot, it would be unexhausted and plainly meritless.  Appellate counsel was not ineffective in failing to argue that trial counsel was ineffective because appellate counsel obtained the relief that petitioner was seeking without raising an ineffective assistance of trial counsel claim.  In order to prevail on an ineffective assistance of counsel claim in general, the petitioner must first show that his attorney's performance was "deficient," and that the deficient performance prejudiced the petitioner, in that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-94

be available to petitioner if the court decided in his favor would be for the Appellate Division to hear his appeal. The Appellate Division has already done so. Thus, there is no further relief that this court can afford petitioner, and his second ground for relief is also moot.[4]

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED**, and it is

**RECOMMENDED**, that a certificate of appealability be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: April 20, 2020

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

(1984). An appellate attorney is not constitutionally required to raise even non-frivolous arguments on appeal if counsel, as a matter of professional judgment, decides not to present those arguments. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). In this case, petitioner's appellate attorney obtained the best outcome possible for the petitioner. Counsel argued successfully that the waiver of petitioner's appeal was invalid, and that the court should consider petitioner's appellate claims. The court decided the issue in petitioner's favor, and any claim of ineffective assistance of appellate counsel is "plainly meritless."

[4] If the claim is moot, the court does not have jurisdiction to review the merits. The above discussion is relevant only if a court could find that the petitioner's second ground was not moot.